This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42675**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID ENEZ GABALDON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's amended judgment and sentence. [RP 79-83] Defendant raises one challenge on appeal, that "[t]he State failed to prove beyond a reasonable doubt that [Defendant] acted with the requisite intent to sustain his conviction for aggravated battery." [BIC 9-14]

**{3}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{4}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). The jury instruction for aggravated battery with a deadly weapon required the State to prove beyond a reasonable doubt that "[D]efendant touched or applied force to [Victim] with a large wooden stick; [D]efendant intended to injure [Victim]; and [t]his happened in New Mexico, on or about the 16th day of May, 2024." [RP 66] *See* UJI 14-322 NMRA. Neither the brief in chief nor the record proper indicate that Defendant presented a self-defense claim or sought a related self-defense jury instruction.

**{5}** According to the brief in chief, evidence was presented at trial that two security guards heard screaming and arguing before noticing an altercation involving Defendant, Victim, and a third man across the street. [BIC 1] The security guards observed Defendant and the other man "chest-bumping one another" in addition to engaging in a verbal argument. [BIC 1-2] As the security guards approached the three men, they observed Defendant get a large wooden stick, approximately two inches by four inches by three feet, and strike the other man in the arm. [BIC 2] A police officer who observed a portion of the altercation saw Defendant swinging a large stick at Victim. [BIC 3] The officer additionally observed that Victim had injuries and was bleeding when she came into contact with the three men. [BIC 7] A crime scene technician took photos of Victim, which showed abrasions to Victim's left elbow and forearm. [BIC 8] Defendant later told police that he was arguing with the men about a purported theft from his uncle and that he was "trying to get them away from me." [BIC 2, 6, 7]

**{6}** Defendant focuses his appeal on a lack of sufficient evidence presented by the State to support the second element in the jury instruction—that he intended to injure

Victim. [BIC 10] *See State v. Wynn*, 2001-NMCA-020, ¶ 4, 130 N.M. 381, 24 P.3d 816 (holding that, to prove aggravated battery, the prosecution must prove that the defendant "subjectively intended the consequences of application of force to the victim and injury to the victim from that application of force"). Defendant argues that "his intent was only to get [Victim] and [the other man] away from him" and that the circumstantial evidence presented by the State to establish an intent to injure Victim was insufficient. [BIC 13] However, as Defendant acknowledges [BIC 13], "[c]ircumstantial evidence, like direct evidence, will support a jury's finding of a specific intent." *State v. McGee*, 2004-NMCA-014, ¶ 15, 135 N.M. 73, 84 P.3d 690. Additionally, we note that "[i]ntent can rarely be proved directly and is often proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495.

**{7}**     We find no basis to conclude that the jury relied on "improper inference, surmise, or a cynical speculation to fill the gaps in the State's proof" in reaching its verdict, as Defendant asserts. [BIC 9] Rather, it appears that the jury was presented with two reasonable theories regarding Defendant's intent or intentions in swinging the large wooden stick at Victim during the argument. "When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. Thus, viewing the evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury's determination that Defendant had the requisite intent to injure Victim.

**{8}**     For these reasons, we affirm Defendant's conviction for aggravated battery with a deadly weapon.

**{9}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**